THOMAS ROBERT *v.* JAMES DONNELL *and others.*

Although the complaint in an action upon an undertaking for costs and damages upon appeal, does not contain an averment of the *delivery* of the undertaking, it will not be dismissed on that ground, the answer not averring nondelivery.

There being sufficient evidence on the trial to warrant the finding, that the undertaking was *filed* with the clerk of the court, the court will, on appeal from the judgment, amend the pleading, so as to conform it to the fact proved.

An objection, made at the trial, to the incompetency of a certified copy of a judgment as evidence of the judgment, is obviated, on appeal, by the production, on the argument, of a duly exemplified copy of such judgment.

APPEAL by the defendant from a judgment entered on the verdict of a jury at trial term.

The action was brought upon an undertaking to pay all costs and damages which might be awarded upon appeal from a judgment of the Marine Court to the general term of that court.

The complaint alleged, among other things, that on the 31st day of December, 1865, the defendants made and executed their certain undertaking in writing.

On the trial, after the jury was empaneled, the defendant's counsel moved to dismiss the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action, in that it failed to allege *a delivery* of the undertaking. The court denied the motion. It was subsequently proved that the undertaking was filed with the clerk of the Marine Court.

The only evidence of the affirmance of the judgment appealed from, to secure which the undertaking in question was given, was a certified copy of the order of affirmance. The motion to dismiss was renewed, which was denied, and the judge sent the case to the jury, who rendered a verdict for the plaintiff. The defendants appealed.

*Moses Ely* and *John McCahill*, for appellant.

*Henry Brewster*, for respondent.

CARDOZO, J.—I think the judgment below should be affirmed, for the following reasons, viz. :

1. I think the complaint sufficiently, although perhaps not with technical accuracy, shows a cause of action against the defendants, and they do not aver in their answer that the undertaking was not delivered by them.

2. The only denial in the answer, the falsity of which it rested upon the plaintiff to establish, is that which puts the affirmance of the judgment in issue. A certified copy of the order of the general term, affirming the judgment, was read in evidence, and, even if the general objection taken to its competency would present any question for our consideration, it is removed by the production, on the argument before us, of a duly exemplified copy of the order of affirmance, which it is proper for us to receive and consider (see *Jarvis* v. *Sewall*, 40 Barb. 449; *Dresser* v. *Brooks*, 3 Barb. 431, and cases there cited).

These views show that the other rulings complained of were not material, and therefore need not be considered.

DALY, F. J.—There was sufficient evidence in the case to warrant a finding, that the undertaking was filed in the Marine Court upon the appeal to the general term, and we can, upon this appeal, amend the pleading so as to conform it to the fact proved.

The judgment should be affirmed.

BRADY, J., concurred.